OPINION
{¶ 1} Douglas R. Mills is appealing from his conviction of domestic violence, a first degree misdemeanor, R.C. 2919.25(A), following his plea of guilty. He had originally been indicted under the felony provision of the statute because he had a previous conviction of the same offense, to which he entered a plea of not guilty. As part of the plea agreement, however, the State agreed to change the charge to a misdemeanor and not object to a sentence of community control in exchange for the defendant's changing his plea to guilty. He was ultimately sentenced to six months incarceration in the Greene County jail. His sole assignment of error is that "the trial court committed prejudicial error by failing to properly advise appellant of the consequences of a plea of guilty per Ohio Rule of Criminal Procedure 11(C)(2)(b)."
 {¶ 2} The appellee points out in his brief that Crim.R. 11(C) refers to pleas of guilty and no contest in felony cases, while here we are dealing with a misdemeanor case involving a petty offense. Thus, Crim.R. 11(E) applies, not 11(C), and, as such, the court is prevented from accepting in this case the plea of guilty, "without first informing the defendant of the effect of the plea of guilty." This is about the same, anyway, as the requirement under Crim.R. 11(C)(2)(b) which requires the court to inform the defendant of and determine that the defendant understands the effect of the plea of guilty.
 {¶ 3} We have carefully read the transcripts of both the plea hearing held on February 4, 2003, and the final disposition hearing held on March 28, 2003, and we can find no fault with the court's conduct under the criminal rules in both situations. The judge very carefully explained the rights the defendant was waiving by pleading guilty and carefully set forth the possible sentences that could be meted out. We find that the court complied with the most stringent requirements of Crim.R. 11, and not just simply the one required for a misdemeanor involving a petty offense.
 {¶ 4} The appellant focuses on the advice to the defendant by the court that he might receive prison or community control or parole, but did not commit to any of these outcomes and carefully informed the defendant that the court was not bound by any plea agreement he had with the State and could, in fact, sentence him "to prison or to jail." (Plea hearing, Tr. 9). Defendant was clearly advised he could be imprisoned in the county jail for a maximum of six months, which, in fact, became the actual sentence. The domestic violence statute defendant violated here refers to "imprisonment" for not more than six months. R.C. 2929.21(B)(1). In Ohio, the word "imprisonment" has a very broad and, in fact, multiple meaning. It could refer even to community confinement and is not limited to confinement in the penitentiary following conviction. See Words and Phrases, Ohio Jurisprudence 3d 2002, page 539, D-I. We cannot find that the trial court committed any error whatsoever in explaining the effect of the guilty plea to the defendant in this case. The assignment of error is overruled, and the judgment is affirmed.
FAIN, P.J. and GRADY, J., concur.